# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

DANIEL GREER

               Plaintiff,

    -v-

CONNECTICUT DEPARTMENT OF
CORRECTION; CHESHIRE CORRECTIONAL
INSTITUTION; and ROLLIN COOK,
Commissioner for the Department of Correction
in the State of Connecticut,

               Defendants.

Civil Action No. 20cv350
MARCH 13, 2020

## MOTION FOR A PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE

Pursuant to Federal Rule of Civil Procedure 65, *et seq.,* Plaintiff Rabbi Daniel Greer ("Plaintiff" or "Rabbi Greer") hereby respectfully moves for an Order to Show Cause as to why a Preliminary Injunction should not be issued by this Court against the Defendants, the Connecticut Department of Correction; Cheshire Correctional Institution; and Rollin Cook, Commissioner for the Department of Correction in the State of Connecticut ("Defendants"), enjoining Defendants to provide him with prepackaged kosher for Passover meals during Passover (April 8 through April 16 in 2020) and provisions for two ceremonial dinners on the first two nights of Passover (April 8 and April 9 in 2020).

Rabbi Greer has commenced this action based upon the attached Complaint and supporting documents.

As stated in the Complaint, Defendants have breached their obligations under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"), and the Connecticut Religious Freedom Restoration Act, Conn. Gen. Stat. §52-571b ("RFRA"), by

refusing to serve Rabbi Greer food that is kosher for Passover and provide him with provisions for two ceremonial dinners on the first two nights of Passover, thereby substantially burdening Rabbi Greer's religious exercise.

Rabbi Greer seeks entry of a Preliminary Injunction to prevent the irreparable harm that will ensue if he is forced to choose between starving for the eight days of Passover or violating his sincerely held religious beliefs. Rabbi Greer has no adequate remedy at law and his harm cannot be remedied by money damages. Moreover, in the event the Court does not grant the equitable relief Rabbi Greer requests, the hardship to Rabbi Greer far exceeds any hardship to Defendants.

In light of the lack of an adequate legal remedy, and the irreparable harm that will occur, as well as the fact that Passover is less than a month away, the Court should enter an Order to Show as to why a Preliminary Injunction should not be issued by this Court enjoining Defendants to provide Rabbi Greer with nutritionally sufficient meals that are kosher for Passover on each of the eight days of Passover (April 8 through April 16 in 2020) and provisions for two ceremonial dinners on the first two nights of Passover (April 8 and April 9).


Respectfully submitted,

By: /s/ Jonathan J. Einhorn
    Jonathan J. Einhorn
    JONATHAN J. EINHORN LAW OFFICES
    129 Whitney Avenue
    New Haven, CT 06510-1223
    Telephone:  203.777.3777
    Facsimile:   203.782.1721
    E-mail:       einhornlawoffice@gmail.com

    Joel C. Haims (*pro hac vice* admission pending)
    Steve Rappoport (*pro hac vice* admission pending)
    MORRISON & FOERSTER LLP
    250 West 55th Street
    New York, NY 10019-9601
    Telephone:  212.468.8000
    Facsimile:   212.468.7900
    E-mail:       jhaims@mofo.com
    E-mail:       srappoport@mofo.com

*Attorneys for Plaintiff Daniel Greer*

## **CERTIFICATE OF SERVICE**

      I hereby certify a copy of the foregoing **Motion for an Order to Show Cause** was filed electronically on the above date. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                  /s/     Jonathan J. Einhorn
                                  Jonathan J. Einhorn