```
                    UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF CONNECTICUT



- - - - - - - - - - - - - - - - - x
                                  :
DANIEL GREER,                     : No. 3:20CV350(JAM)
                                  :
              Plaintiff           :
                                  :
         v.                       :
                                  :
CONNECTICUT DEPARTMENT OF         :
CORRECTION; CHESHIRE CORRECTIONAL :
INSTITUTION; and ROLLIN COOK,     :
Commissioner for the Department   :
of Correction in the State of     :
Connecticut,                      :
                                  : New Haven, Connecticut
              Defendants          : March 31, 2020
                                  :
- - - - - - - - - - - - - - - - - x
```

TELEPHONIC STATUS CONFERENCE

B E F O R E:

    THE HONORABLE JEFFREY ALKER MEYER, U.S.D.J.

Diana Huntington, RDR, CRR
Official Court Reporter

A P P E A R A N C E S:

FOR THE PLAINTIFF:

    MORRISON & FOERSTER LLP
        250 West 55th Street
        New York, New York 10019
    BY:  STEVEN T. RAPPOPORT, ESQ.
        JOEL C. HAIMS, ESQ.

FOR THE DEFENDANTS:

    OFFICE OF THE ATTORNEY GENERAL
        55 Elm Street
        Hartford, Connecticut 06106-1774
    BY:  STEVEN R. STROM, ESQ.
        EDWARD DAVID ROWLEY, ESQ.

A P P E A R A N C E S:

|    |                                                                |
|----|----------------------------------------------------------------|
| 1  | **9:30 A.M.**                                                  |
| 2  | THE COURT:  Good morning everybody.  This is                   |
| 3  | Judge Jeffrey Meyer.  We're here for a teleconference in       |
| 4  | Greer v. Connecticut Department of Correction.                 |
| 5  | May I have appearance of counsel for plaintiff.                |
| 6  | MR. RAPPOPORT:  Your Honor, this is Steve                      |
| 7  | Rappoport from Morrison Foerster for plaintiff Daniel          |
| 8  | Greer.                                                         |
| 9  | MR. HAIMS:  Joel Haims from Morrison Foerster.                 |
| 10 | THE COURT:  Is Mr. Einhorn on the line?                        |
| 11 | MR. EINHORN:  Yes, your Honor.  Good morning.                  |
| 12 | Jon Einhorn, I'm local counsel for this matter.                |
| 13 | THE COURT:  Great, great.                                      |
| 14 | And for DOC?                                                   |
| 15 | MR. STROM:  Good morning, Your Honor.  Steven                  |
| 16 | Strom from the Attorney General's Office for the               |
| 17 | defendants.                                                    |
| 18 | MR. ROWLEY:  Good morning, Your Honor.  Ed                     |
| 19 | Rowley from the Attorney General's Office on behalf of the     |
| 20 | defendants as well.                                            |
| 21 | THE COURT:  All right.  Good morning.                          |
| 22 | And we have our court reporter, I believe.  Are                |
| 23 | you there, Diana?                                              |
| 24 | THE REPORTER:  Yes, Judge, I'm here.                           |
| 25 | THE COURT:  I understand that you all have                     |

1 figured out a resolution at least to the PI in the case.
2 Do you want to put that on the record at this point?
3     And I wanted to ask you in terms of how you
4 would wish to proceed.  Do you feel that you want to write
5 up something that you make of the docket record in this
6 case, or do you want to simply not have essentially
7 written terms of your resolution posted to the docket but
8 simply a withdrawal of the pending PI motion?  I assume,
9 or I think, perhaps, I don't know, if there will be
10 continuing litigation in the case in any manner.  Tell me
11 what you're thinking about.
12     MR. RAPPOPORT:  Your Honor, this is Steve
13 Rappoport for plaintiff.
14     I think our preference would be to have
15 something written on the docket.  On the other hand, we
16 don't want to slow the process down.  We have an agreement
17 that will provide Rabbi Greer with kosher Passover meals
18 and we don't want that to be waylaid while we work out the
19 language that we would agree to for some kind of order on
20 the docket.  So I guess, from our perspective, we would
21 like the Court to -- the terms in Mr. Strom's email lay
22 out fairly what the State is agreeing to do and what we've
23 agreed with.  And so we would at least want that to have
24 force and affect after this call even if we also want to
25 have a written order on the docket, I guess, is our

1  perspective.

2  THE COURT: I see.

3  So would it make sense, then, just to -- I think
4  that Mr. Strom's email was sent to chambers. We could
5  take terms of that email and attach it as an exhibit to a
6  court order denying as moot the motion for preliminary
7  injunction in light of the parties' settlement concerning
8  the preliminary injunction. Does that make sense?

9  MR. RAPPOPORT: I think that's fine --

10  MR. STROM: Your Honor --

11  MR. RAPPOPORT: Go ahead, Mr. Strom.

12  MR. STROM: For the record, the court reporter
13  asked us to identify themselves. This is Steve Strom for
14  the defendants, Your Honor.

15  Thank you very much for convening this
16  conference this morning. In fact, the extra time,
17  Your Honor, helped us sort of button this down. So we
18  appreciate Your Honor's patience with us. So we thank you
19  for this opportunity.

20  The parties worked hard, including pretty much
21  all day Sunday, Your Honor, in teleconferences in the
22  spirit of your order to try to see whatever we could do to
23  avoid having to have an in-person or either tele- or video
24  conference. So we did reach an agreement.

25  I have no objection to Your Honor's suggestion.

1   As I indicated in my email, whether it's withdrawn or
2   denied without prejudice, denied as moot, any resolution
3   of that is acceptable to the defendants.  And I have no
4   objection to either attaching the email or just orally
5   today into the record, so we have this transcript.  And I
6   agree with Attorney Rappoport in not delaying things.
7           The terms are agreed, they're in the email, we
8   can represent them on the record today that Mr. Greer will
9   be getting the prepackaged Kosher for Passover meals.  The
10  items that are listed in the email are going to be
11  provided to Mr. Greer.  It's my understanding that
12  plaintiff's counsel has made arrangements to have those
13  shipped expeditiously to the Department of Correction.  In
14  the email is Director Williams, who is Director of
15  Religions Services, who is personally going to take charge
16  of the items once they arrive.  And we have arrangements
17  made at Cheshire to put in place -- as I understood, we
18  had a conversation with Rabbi Katz over the weekend.
19  These are microwavable items that DOC is purchasing, and
20  will have in place by the end of the week a brand new
21  microwave oven for these purposes.
22          We're pleased to be able to report that we
23  reached this agreement, Your Honor.
24          THE COURT:  Okay.  Well, then it sounds like
25  what we'll do then is we'll enter orders denying as moot

1    the existing motions for preliminary injunction, I think
2    the motion for hearing as well, in light of the parties'
3    settlement as reflected in the exchange of emails from
4    Mr. Rappoport on March 30 at 8:27 p.m., that's the email
5    to chambers that forwarded the email from Mr. Strom of
6    2:43 p.m. on Monday.  And if that's acceptable, we'll just
7    do that and make that an attachment to the exhibit and
8    save you all from having to redraft and file a document,
9    if that makes sense.
10             MR. RAPPOPORT:  Acceptable to plaintiff,
11   Your Honor.
12             MR. STROM:  This is Steve Strom for the court
13   reporter.
14             It is acceptable for the defendants as well.
15             THE COURT:  Sure.
16             And then will there be more litigation in this
17   case, do you anticipate?
18             MR. RAPPOPORT:  I don't know, Steve, if you want
19   to go first.  I think what we discussed yesterday was that
20   we're going to have this order, they're going to provide
21   the food, and then after the holiday we're going to have a
22   discussion about resolving the matter.  I don't know what
23   you want to add further to that, Steve.
24             MR. STROM:  This is Steve Strom for the
25   defendants.

1    That's what the emails reflect.  I had a
2 preliminary discussion with Attorney Einhorn.  It would be
3 our hope, Your Honor, that this can all be resolved in a
4 fashion that will not take up much of the Court's time
5 going forward other than hopefully a report under Rule 16
6 that the matter has been resolved.  So we're keeping our
7 fingers crossed we can work well together.  My colleagues
8 from New York to Connecticut, we try to do things in a
9 courteous and civil manner and try to work these things
10 out, so we think that we can reach an agreement,
11 Your Honor.
12    THE COURT:  Good.  I will keep the case open,
13 then.  And we'll just act with respect to the two pending
14 motions, and we'll post that to the docket very shortly.
15 If there's any concern about the docket posting, feel free
16 to be back to chambers about that.
17    Is there anything else?
18    MR. RAPPOPORT:  Not for plaintiff, Your Honor.
19    MR. STROM:  For the defendants, Your Honor, just
20 so it's clear on the record -- and this is in an abundance
21 of caution -- the defendants and the Office of the
22 Attorney General, as well as other matters Your Honor may
23 be familiar with with the State, is quite concerned about
24 court-ordered settlements that incorporate into the orders
25 of the Court the settlement.  We wanted it to be clear on

1  the record that this is a, quote/unquote, private
2  settlement agreement between the parties and is not a sort
3  of imprimatur of Court approval incorporating into any
4  orders of the Court the agreements.  It's our hope that,
5  obviously, we could reach some agreements and that the
6  matter could be resolved, as suggested in my email, with a
7  Rule 41 stipulated dismissal.  So we hope to be able to
8  work cooperatively together to get this all done without
9  further involvement by Your Honor.
10              THE COURT:  Okay.  So I don't intend to enter an
11 order really approving your own resolution at this point
12 in the sense that I do think it's a private agreement
13 between the parties here.  I'm just going to be entering
14 an order denying the pending motions as moot in light of
15 the parties' report of resolution, but I will not be
16 entering a consent judgment or otherwise dismissing the
17 case.  And then I'll leave it to you all to figure out on
18 what terms you would settle and/or seek dismissal of the
19 case, okay?
20              MR. STROM:  That's acceptable to the defendants.
21 Thank you, Your Honor.  This is Steve Strom for the court
22 reporter.
23              MR. RAPPOPORT:  This is Steve Rappoport for
24 plaintiff.  That's acceptable to us for purposes of this
25 resolution, but obviously we'll have to, as part of our

1  discussions in terms of resolution of the case, discuss
2  whether or not that will work for us for the resolution of
3  the case.  But for now, for purposes of this motion, we're
4  fine with that.
5          THE COURT:  Great.  I understand that.
6          And I congratulate the parties on working so
7  hard to resolve this case.  This obviously is a very
8  difficult time for everybody concerned in the court system
9  as well as the DOC and all people within the DOC system.
10 So the fact that you all were able to resolve this matter
11 without the need for what would have been pretty
12 complicated litigation this week is really to your credit.
13 I congratulate you on that.
14         All right.  If there's nothing else, thank you
15 for calling in.  And we'll enter orders on the docket
16 shortly.
17         MR. RAPPOPORT:  Thank you, Your Honor.
18         MR. STROM:  Thank you, Your Honor.
19              (Proceedings adjourned at 9:41 a.m.)
20
21
22
23
24
25

1
2         C E R T I F I C A T E
3
4  RE: DANIEL GREER v. CONNECTICUT DEPARTMENT OF CORRECTION,
          ET AL., No. 3:20CV350(JAM)
5
6         I, Diana Huntington, RDR, CRR, Official Court
7  Reporter for the United States District Court for the
8  District of Connecticut, do hereby certify that the
9  foregoing pages 1 through 10 are a true and accurate
10 transcription of my shorthand notes taken in the
11 aforementioned matter to the best of my skill and ability.
12
13
14
15
16                    _____/s/_____
17              DIANA HUNTINGTON, RDR, CRR
                  Official Court Reporter
18              United States District Court
                141 Church Street, Room 147
19              New Haven, Connecticut 06510
                      (860) 463-3180
20
21
22
23
24
25