UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

———————

| | |
|---|---|
| DANIEL GREER | NO. 3:20CV 350 (JAM) |
| VS. | |
| CONNECTICUT DEPARTMENT OF CORRECTION, ET AL | SEPEMBER 10, 2020 |

## MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION

### BACKGROUND

By Complaint, at docket entry #1, the Plaintiff, Rabbi Daniel Greer, sought a preliminary injunction enjoining the defendants to provide him with prepackaged kosher foods during Passover. After a conference with the Court, and working together, the parties resolved the issue (see docket entry #31). The Court subsequently learned that the plaintiff had been released from custody temporarily due to COVID-19 concerns and stayed the case for seven months pending the filing of a status report on January 15, 2021 and administratively closed the case as it appeared unlikely that there will be further litigation of the this case, "subject to a motion to re-open in the event the plaintiff is reincarcerated and the parties are unable to settle their differences with respect to arrangements for Passover 2021."(docket entry#41).

Subsequently, further and related religious issues have arisen among the parties. Specifically, the Plaintiff has been returned to custody (see docket entry #43, par. 58) and is concerned that the defendants will not allow him to observe Yom Kippur, Rosh Hashana (the "High Holy Days") and Sukkoth as his religion requires. The parties have been discussing the requirements of Jewish law in that regard but have not reached an agreement and Yom Kippur begins on September 18.

1

As per his Amendment to Complaint, the Plaintiff seeks (a.) to have a shofar blown at the appropriate times during the High Holidays, (b). to have a Sukkot constructed outdoors in accordance with Jewish requirements so that he can pray and eat kosher food inside, (3) to have access to a quiet place for prayers attended by a minian of 10 Jewish men during the High Holy Days, (4). To observe Yom Kippur, Rosh Hashana and Sukkoth as required by Jewish Law.

Both these claims and the claims originally brought in the Complaint pertain to the Plaintiff's exercise of his religious freedoms and are brought under the same statutes and are discussed in the same case law.

Although the Court's order pertaining to the closing of the file and reopening of the same relate to Jewish dietary laws, in the interest of judicial economy, the plaintiff seeks to add these similar religious claims to the existing lawsuit ( which contains the same parties), rather than bring an entirely new lawsuit.

## PRELIMINARY STATEMENT

As with the existing case which was closed, this additional count involves a straightforward application of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 et seq. and the Connecticut Religious Freedom Restoration Act, Conn. Gen. Stat. §52-571b ("RFRA").

RLUIPA prohibits the government from substantially burdening the religious exercise of an institutionalized person, unless the government demonstrates that imposition of the burden is both "in furtherance of a compelling governmental interest" and "the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1(a); *see also Forde v. Zickefoose*, 612 F.Supp.2d 171, 177 (D. Conn. 2009). The plaintiff in these cases bears the burden to show that the challenged regulation or decision imposes a substantial burden on his religious exercise; the

burden then shifts to the defendants to demonstrate a compelling government interest and the use of least restrictive means.  42 U.S.C. § 2000cc-2(b).

There is no dispute that Rabbi Greer's religious freedom will be substantially burdened by CTDOC's refusal to provide him with the ability to observe probably the most significant holidays of the Jewish faith. Rabbi Greer therefore can demonstrate a likelihood of success on the merits.  Rabbi Greer's inability to practice his religion is a harm that is irreparable and that cannot be compensated by money damages.  And, the balance of the equities and the public interest—as reflected by Congress' adoption of RLUIPA and Connecticut's adoption of RFRA— also weigh in his favor.  Rabbi Greer is therefore entitled to preliminary injunctive relief.

## LEGAL STANDARD

A party seeing a preliminary injunction must demonstrate that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Trump v. Deutsche Bank AG*, 943 F.3d 627, 640 (2d Cir. 2019) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

## ARGUMENT

### I.   PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Congress unanimously passed the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a), to eliminate "unnecessary" barriers to religious exercise.  *Cutter v. Wilkinson*, 544 U.S. 709, 716 (2005).  Under the RLUIPA,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and

3

>(2) is the least restrictive means of furthering that compelling governmental interest.[1]

42 U.S.C. § 2000cc-1(a).  RLUIPA specifically provides that it "shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. § 2000cc-3(g).

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY RELIEF

An irreparable injury is "an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) (internal citations and quotations omitted

As explained in detail in the Complaint, Rabbi Greer who is 80 years old, seeks to observe the Jewish High Holy Days and Sukkoth as he has for his entire life and in a manner required by Jewish law. If the defendants cannot allow him to do so, such an abrogation of Rabbi Greer's right to free religious exercise is more than sufficient to satisfy the "irreparable harm" prong of the preliminary injunction standard.  *See, e.g.*, *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (finding conclusion that inmate would suffer irreparable harm in absence of injunction against continued confinement in medical keeplock was supported in part by finding that inmate was substantially likely to demonstrate violations of his right to free exercise of his religious beliefs under RFRA; "[a]lthough the plaintiff's free exercise claim [under RFRA] is statutory rather than constitutional, the denial of the plaintiff's right to the free exercise of

---

[1] The Connecticut Religious Freedom Restoration Act, CT Code § 52-571b, provides, similar to RLUIPA, that "the state or any political subdivision of the state shall not burden a person's exercise of religion … even if the burden results from a rule of general applicability, except…if it demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that compelling governmental interest."  Because the RLUIPA and Connecticut RFRA are virtually identical, apart from the fact that the Connecticut RFRA requires only a showing of a "burden" rather than a "substantial burden" on a person's free exercise of religion, the Court should apply the same standard to Rabbi Greer's Connecticut RFRA claims as it applies to his RLUIPA claims.

his religious beliefs is a harm that cannot be adequately compensated monetarily."); *Murphy v. Zoning Com'n Town of New Milford*, 148 F.Supp.2d 173, 180–181 (D. Conn. 2001) (holding that claim of RLUIPA violation was sufficient in itself to satisfy "irreparable harm" requirement; "[s]ince [RLUIPA] was enacted for the express purpose of protecting the First Amendment rights of individuals, the allegation that defendants have violated this statute also triggers the same concerns that led the courts to hold that these violations result in a presumption of irreparable harm.").

**III.   THE BALANCE OF EQUITIES TIPS IN RABBI GREER'S FAVOR.**

In each case seeking a preliminary injunction, the Court must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *In re Platinum-Beechwood Litigation*, 378 F.Supp.3d 318, 326 (S.D.N.Y. 2019) (quoting *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010).)  Here, Rabbi Greer is facing a substantial harm:  the loss of his right to free exercise of religion.  *See Wright v. Stallone*, No. 9:17-cv-0487 (LEK/TWD), 2018 WL 671256, *9 (N.D.N.Y. Jan. 31, 2018) (holding that Plaintiff, a practicing Muslim inmate who was denied the ability to go off to an unoccupied area of the yard to pray his *salaah*, faced "substantial" hardship while prison's hardship was minimal).  Defendants, conversely, face only the "hardship" of Rabbi Greer access to the requirements of Yom Kippur, Rosh Hashonah and Sukkot as required under Jewish law.

**IV.   ACCOMODATING RABBI GREER'S REQUEST IS IN THE PUBLIC INTEREST.**

Finally, the Court must consider whether the requested relief is in the public interest. *Platinum-Beechwood Litigation*, 378 F.Supp.3d 318 at 326.  While courts will generally assume that a governmental entity acts in the interest of the public it serves, in this case protecting Rabbi Greer's constitutional rights is in the public interest, while "it is decidedly against the public

interest to permit the enforcement of an unconstitutional policy or law." *Wright*, 2018 WL 671256 at *9.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Daniel Greer respectfully requests that the Court grant him preliminary injunctive relief enjoining Defendants to provide him with the opportunity to observe Yom Kippur, Rosh Hashanah and Sukkoth as required by Jewish law.

Respectfully submitted,

By: */s/ Jonathan J. Einhorn*
    Jonathan J. Einhorn, Esq.
    129 Whitney Avenue
    New Haven, CT 06510-1223
    Telephone:  203.777.3777
    Facsimile:  203.782.1721
    E-mail:  einhornlawoffice@gmail.com

*Attorneys for Plaintiff Daniel Greer*

## CERTIFICATION

I hereby certify that on this 10th day of September, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN